**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TONY TRAN,<br><br>                    Plaintiff,<br><br>         v.<br><br>D. DAVEY, Warden,<br><br>                    Defendant. | Case No.: 1:15-cv-01591-LJO-BAM (PC)<br><br>SCREENING ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 8)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Tony Tran ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on October 19, 2015. On October 14, 2016, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff's first amended complaint, filed on November 17, 2016 (ECF No. 8), is currently before the Court for screening.

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable fo r the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at Kern Valley State Prison. Plaintiff brings suit against D. Davey, Warden, Corcoran State Prison, where he was formerly housed and where the events in the complaint took place.

Plaintiff alleges as follows:  Defendant Davey is responsible for the operation of Corcoran State Prison and for the welfare of inmates.  On October 19, 2013, Plaintiff received a letter from his attorney indicating that he did not receive any of the legal mail that Plaintiff sent to him regarding Plaintiff's habeas corpus.  Plaintiff says that he checked his trust statement report and the mailing was paid for, but that the mailing of his legal mail was not recorded for mailing out. Plaintiff filed a grievance and received a response that his CDCR 119 mail card will not list legal mail to Plaintiff's attorney.  Plaintiff contends that the CDCR 119 card in fact records legal mail

2

sent to his attorney on later dates. Plaintiff alleges that due to the lack of professionalism at Corcoran, Plaintiff lost documents such as an original ballistic report, original court transcripts, and original affidavits. Plaintiff alleges that his attorney had to stop working on his habeas corpus petition. Plaintiff seeks to hold Defendant Davey responsible for violating Plaintiff's First Amendment right to petition the government for redress. Plaintiff seeks money damages and declaratory relief.

## III    Deficiencies in Complaint

### A. Linkage and Supervisory Liability

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where...causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Although Plaintiff has named Warden Davey as a defendant, Plaintiff has not alleged that Warden Davey was personally involved in an alleged constitutional deprivation. To the extent Plaintiff seeks to hold Warden Davey liable based upon his supervisory position, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir.2010); Ewing v. City of Stockton, 588

3

F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Warden Davey cannot be held liable for a §1983 violation merely because he is the Warden. Plaintiff must link Warden Davey either by direct conduct in the constitutional violation or by identifying a policy implemented by Warden Davey that was so deficient that the policy itself a repudiation of the Plaintiff's rights. Plaintiff will be granted leave to amend.

**B. Mail**

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (First Amendment not violated where prison's mail regulation related to a legitimate penological interest). Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990). also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir.1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights). A temporary delay or isolated incident of delay or other mail interference without evidence of improper motive does not violate a prisoner's First Amendment rights. See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir.1999).

Plaintiff has failed to allege who was responsible for the delays and/or withholding his mail.

**C. Access to Courts**

Inmates have a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343,

4

346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). A plaintiff must show that he suffered an "actual injury" by being shut out of court. Lewis, 518 U.S. at 350-51. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

While Plaintiff alleges that he had a habeas corpus case, he does not allege whether he suffered any injury and who was responsible for that injury. Plaintiff must allege what happened and whether he suffered any loss. Leave to amend will be granted.

**D. Forms of Relief**

In addition to monetary damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should only be granted as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that Defendants violated Plaintiff's rights is unnecessary.

**III.   Conclusion and Order**

For the above reasons, Plaintiff's amended complaint fails state a claim upon which relief may be granted under section 1983. Despite being provided guidance, Plaintiff's complaint fails to cure the deficiencies noted in the screening order and is largely the same. The Court will provide Plaintiff with one **final opportunity** to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

5

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.  The Clerk's Office shall send Plaintiff a complaint form;

2.  Plaintiff's amended complaint, filed November 17, 2016 (ECF No. 8), is dismissed for failure to state a claim;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint or a notice of voluntary dismissal; and

4.  **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

   Dated:   **December 2, 2016**            /s/ *Barbara A. McAuliffe*  
                                             UNITED STATES MAGISTRATE JUDGE

6