UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY TRAN,<br><br>        Plaintiff,<br><br>v.<br><br>D. DAVEY, Warden,<br><br>        Defendant. | Case No.: 1:15-cv-01591-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>**FOURTEEN DAY (14) DEADLINE** |

Plaintiff Tony Tran ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on October 19, 2015. On October 14, 2016, the Court dismissed Plaintiff's complaint with leave to amend. On December 2, 2016, the Court dismissed Plaintiff's first amended complaint with leave to amend. Plaintiff's second amended complaint, filed on February 6, 2017 (ECF No. 11), is currently before the Court for screening.

**I.**     <u>**Screening Requirement and Standard**</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable fo r the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at Kern Valley State Prison. Plaintiff brings suit against D. Davey, Warden, Corcoran State Prison, where he was formerly housed and where the events in the complaint took place.

Plaintiff alleges as follows: Defendant Davey is responsible for the operation of Corcoran State Prison and for the welfare of inmates. (EDF No. 11p. 3.) On October 19, 2013, Plaintiff received a letter from his attorney indicating that the attorney did not receive any of the legal mail that Plaintiff sent to him regarding Plaintiff's habeas corpus petition. Plaintiff says that he checked his trust statement report and the mailing was paid for, but that the mailing of his legal mail was not recorded for mailing out. Plaintiff's trust account stated that five legal mailings were paid for by postage. Plaintiff requested the mail room copy of the CDCR 119 card on which

2

legal mail is recorded for mailing out. Plaintiff filed a grievance to try and resolve the problem. Plaintiff was informed at the second level that the CDCR 119 card will not list legal mailings to his attorney and will only list legal mail to the court or the Board of Control. (ECF NO. 11, p.4.) Plaintiff alleges that due to the lack of professionalism at Corcoran, Plaintiff lost documents such as an original ballistic report, original court transcripts, and original affidavits. Plaintiff alleges that his attorney had to stop working on his habeas corpus petition. Plaintiff seeks to hold Defendant Davey responsible for violating Plaintiff's First Amendment right to petition the government for redress. Plaintiff seeks money damages and declaratory relief.

### III    Deficiencies in Complaint

**A. Linkage and Supervisory Liability**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where...causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Although Plaintiff has named Warden Davey as a defendant, Plaintiff has not alleged that Warden Davey was personally involved in an alleged constitutional deprivation. Plaintiff has previously been advised that to the extent Plaintiff seeks to hold Warden Davey liable based upon his supervisory position, he may not do so. Liability may not be imposed on supervisory

3

personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir.2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Warden Davey cannot be held liable for a §1983 violation merely because he is the Warden. Plaintiff must link Warden Davey either by direct conduct in the constitutional violation or by identifying a policy implemented by Warden Davey that was so deficient that the policy itself a repudiation of the Plaintiff's rights. Despite having been given the appropriate legal standards and three opportunities to amend his complaint to link Defendant Davey to the harm, other than the bare conclusory statement that Davey is responsible for everything, Plaintiff has failed to comply with the Court's instructions and link Defendant Davey to the conduct.

**B. Mail**

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (First Amendment not violated where prison's mail regulation related to a legitimate penological interest). Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990). also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir.1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights). A temporary delay or isolated incident of delay or other mail

4

interference without evidence of improper motive does not violate a prisoner's First Amendment rights. See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir.1999).

Plaintiff has failed to allege who was responsible for the delays and/or withholding his mail, despite having been given the appropriate legal standards, having been instructed of the need to do so and having been given the opportunity to do so.

**C. Access to Courts**

Inmates have a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). A plaintiff must show that he suffered an "actual injury" by being shut out of court. Lewis, 518 U.S. at 350-51. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

While Plaintiff alleges that he had a habeas corpus case, he does not allege whether he suffered any injury and who was responsible for that injury. Plaintiff was informed he must allege what happened and whether he suffered any loss. He has failed to do so. Despite being given multiple opportunities to cure the deficiencies in his complaints, plaintiff has still failed allege facts sufficient to state a claim upon which relief can be granted under the First Amendment.

Under these circumstances granting plaintiff leave to amend with a third amended complaint would be futile. See Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir.1990); Rutmann Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir.1987). For all the foregoing reasons, the court will recommend that this action be dismissed.

**III.    Conclusion and Recommendation**

Plaintiff's second amended complaint fails to state a cognizable section 1983 claim. Plaintiff was previously granted leave to amend his complaint, but has been unable to state a cognizable claim. As such, further leave to amend is not warranted. Lopez v. Smith, 203 F.3d

5

1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED based on Plaintiff's failure to state a cognizable section 1983 claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 10, 2017**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE